CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO: 10-3184    SECTION **SECTION 10**    DIVISION: C

RHONDA DANOS, as curatrix of
RONALD MARTIN, JR.

v.

BOH BROS. CONSTRUCTION CO., LLC; ABC INSURANCE COMPANY; STIHL
INCORPORATED

FILED_____      DEPUTY CLERK:_____

### PETITION FOR DAMAGES

NOW INTO COURT, through her undersigned counsel, comes RHONDA DANOS ("Petitioner"), appearing herein not individually but in her capacity as the duly appointed and acting curatrix of RONALD MARTIN, JR. (MARTIN), who with respect show and alleges that:

I.

RONALD MARTIN, is a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, and Petitioner is his duly appointed curatrix. MARTIN has been interdicted.

II.

Defendant, BOH BROS. CONSTRUCTION CO, LLC (BOH BROS.), is a domestic limited liability company authorized to do and doing business in the Parish of Orleans, State of Louisiana.

III.

The Defendant, ABC INSURANCE COMPANY (ABC) is, on information and belief, a foreign insurance company authorized to do and doing business in the Parish of Orleans, State of Louisiana.

*Petition for Damages*
*Rhonda Danos v. Boh Bros Construction, et al.*
*Page -1-*

VERIFIED
Frances Sims
Deputy Clerk 4-12-2010


EXHIBIT A

IV.

The Defendant, STIHL INCORPORATED (STIHL), is a foreign corporation authorized to do and doing business in the Parish of Orleans, State of Louisiana.

V.

The Defendant, XYZ INSURANCE COMPANY (XYZ) is, on information and belief, a foreign insurance company authorized to do and doing business in the Parish of Orleans, State of Louisiana.

VI.

At all material times hereto, on information and belief, the defendant, ABC, had in full force and effect a policy of liability insurance which was issued in favor of BOH BROS, which provides insurance coverage against the risk of loss arising from the actions/inactions of BOH BROS which are the subject of this suit, and which inures to the benefit of Petitioner, to MARTIN and others similarly situated, arising from the events described herein, and as such, ABC is made a direct defendant pursuant to the Louisiana Direct Action Statute.

VII.

At all material times hereto, on information and belief, the defendant, XYZ, had in full force and effect a policy of liability insurance which was issued in favor of STIHL, which provides insurance coverage against the risk of loss arising from the actions/inactions of STIHL which are the subject of this suit, and which inures to the benefit of Petitioner, to MARTIN and others similarly situated, arising from the events described herein, and as such, XYZ is made a defendant pursuant to the Louisiana Direct Action Statute.

VIII.

Venue is appropriate in this jurisdiction because the incident which is subject matter of this litigation occurred in the Parish of Orleans, State of Louisiana.

IX.

The defendants, BOH BROS., ABC, STIHL and XYZ are jointly, severally and solidarily

indebted onto your Petitioner in the full and proper sum necessary in the premises for the following reasons to-wit:

X.

On April 23, 2009, MARTIN was an employee of BOH BROS.

XI.

On said date, MARTIN was working at a BOH BROS construction site in the Parish of Orleans, State of Louisiana, known as the BW Cooper Project.

XII.

MARTIN was directed by his supervisor to cut an eighteen inch concrete pipe with a concrete saw manufactured by STIHL.

XIII.

The concrete saw was model TS-400.

XIV.

MARTIN had little to no experience in cutting concrete pipe.

XV.

MARTIN had little to no prior experience with the STIHL TS-400 saw.

XIV.

BOH BROS did not provide any meaningful training or instruction to MARTIN prior to directing him to cut concrete pipe with the STIHL TS-400 saw.

XVI.

Additionally, BOH BROS had MARTIN cut a pipe with a bell on one end and with no cribbing underneath.

XVII.

MARTIN did not have access to the operator's manual.

XVIII.

Consequently, as MARTIN began to cut the pipe, the pipe began to cave inward at the location of the cut.

XIX.

As the pipe caved inward, the pipe pinched the blade of the STIHL TS-400 causing it to violently kick back and strike MARTIN in the head and neck causing substantial injury which has rendered MARTIN unable to take care of his person and affairs.

XX.

Although MARTIN was an employee of BOH BROS., the actions and inactions of BOH BROS. constitute an intentional tort rendering BOH BROS responsible for the injuries to MARTIN.

XXI.

BOH BROS is not entitled to avail itself of the provisions of the Workers Compensation laws, La R.S. 23:1032 et seq., as the sole remedy for the injuries to MARTIN.

XXII.

More particularly, Petitioner avers that the injury to MARTIN was substantially certain to follow from the actions and inactions of BOH BROS.

XXIII.

The injury to MARTIN was also inevitable due to the actions and inactions of BOH BROS.

XXIV.

The failure to provide adequate training to MARTIN; BOH BROS' knowledge of MARTIN's inexperience with the STIHL TS-400 or any saw cutting equipment; and having MARTIN cut a concrete pipe without any cribbing while the bell end was attached made pinching of the TS-400 blade, kick back of the TS-400 and injury to MARTIN inevitable and substantially certain to occur.

XXV.

BOH BROS. is liable to MARTIN for its acts in causing damage to MARTIN because it had a legal duty to MARTIN to prevent substantially certain and inevitable injury to him; it breached that

duty; and such breach was a legal cause and cause in fact of the injuries sustained by MARTIN, and further, a proximate cause of MARTIN's damages without any comparative fault on the part of MARTIN.

### XXVI.

ABC, as the insurer of BOH BROS., is liable as well for the actions and inactions of BOH BROS., and consequential injury and damages to MARTIN.

### XXVII.

Petitioner further avers that STIHL was the manufacturer of the TS-400 saw which injured MARTIN.

### XXVIII.

Petitioner avers that:

A. A characteristic of the product, the TS-400 saw manufactured by STIHL, was a proximate cause (in conjunction with the actions and inactions of BOH BROS.) of MARTIN's injuries;

B. A characteristic of the TS-400 made the product unreasonably dangerous;

C. MARTIN's injuries arose from a reasonably anticipated use of the product;

D. The TS-400 was unreasonably dangerous in construction and composition;

E. The TS-400 was unreasonably dangerous in design;

F. The TS-400 was unreasonably dangerous because an adequate warning was not provided;

G. The TS-400 was unreasonably dangerous because it did not conform to the express warranty of the manufacturer, STIHL.

### XXIX.

In addition, Petitioner pleads the following, illustrative, although non-exclusive product defects:

A. The TS-400 was not equipped with an inertia brake which would have stopped the

      blade of the saw from rotating once a kick-back situation occurred. The inertia brake is standard equipment on other STIHL products and was not an unreasonable or impossible feature and was furthermore necessary to render the TS-400 safe.

B. The construction of the TS-400 was unreasonably dangerous in composition due to its failure to have any safety feature to prevent injury from the kick-back.

C. The TS-400 was unreasonably dangerous in design due to no manual or automatic braking mechanism for the saw blade.

D. The TS-400 was unreasonably dangerous because it did not have an adequate warning as to the dangers of kick-back; no warning that an inertia brake was not part of the safety device for the saw; no warning that the blade would not cease rotating upon a kick-back situation; and having no warning at all on the product itself.

E. The TS-400 was unreasonably dangerous in failing to conform to an express warranty because the manufacturer warranted that the wheel guard was sufficient to guard the wheel of the blade. In actuality, in a kick-back situation, the wheel guard is insufficient to prevent injury.

### XXX.

XYZ was at all material times the insurer of STIHL and is liable with STIHL for the actions and inactions of STIHL.

### XXXI.

STIHL had a legal duty to provide a safe product; STIHL breached the legal duty and such breach was a legal cause and a proximate cause of the injuries to MARTIN.

### XXXII.

As a result of the foregoing, MARTIN, has been caused to sustain the following damages for which Petitioner as his curatrix is entitled to recover a sum reasonable in the premises, more particularly though non-exclusively described as follows:

A. Past, present and future physical pain and suffering

B. Past, present and future mental anguish and anxiety

C. Past, present and future medical and rehabilitation expenses

D. Past, present and future lost wages

E. Loss of enjoyment of life

F. Loss of earning capacity

G. Disability

### XXXIII.

WHEREFORE, petitioner, RHONDA DANOS, in her capacity as the curatrix of RONALD MARTIN, JR., prays that:

A. The defendants herein, BOH BROS. CONSTRUCTION CO., LLC; ABC INSURANCE COMPANY; STIHL INCORPORATED; and XYZ INSURANCE COMPANY, be duly cited and served with a copy of this Petition and be required to answer same in accordance with the law;

B. After due delays and proceedings had, there be judgment herein in favor of petitioner as MARTIN's curatrix, and against defendants herein, BOH BROS. CONSTRUCTION CO., LLC; ABC INSURANCE COMPANY; STIHL INCORPORATED; and XYZ INSURANCE COMPANY, jointly, severally and in solido for any and all damages necessary and appropriate in the premises, along with judicial interest from the date of judicial demand and all costs of these proceedings; and,

C. For all general and equitable relief.

Respectfully submitted,

TIMOTHY R. RICHARDSON (#27625)
FREEMAN R. MATTHEWS (#4050)
T. ALLEN USRY (#12988)
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
Telephone: (504) 592-4600
Facsimile: (504) 592-4641
Attorneys for Petitioner

Please serve:

Boh Bros Construction Co, LLC
through its registered agent,
Michael Cullen
12203 Airline Highway
Baton Rouge, LA 70817

Stihl Incorporated, to be served under the Louisiana Long Arm Statute
through its president,
Fred Whyte
536 Viking Drive
Virginia Beach, VA 23452

# USRY, WEEKS & MATTHEWS

A PROFESSIONAL LAW CORPORATION
1615 POYDRAS STREET, SUITE 1250
NEW ORLEANS, LOUISIANA 70112

T. ALLEN USRY
JOHN F. WEEKS II
FREEMAN R. MATTHEWS
FRED SCHROEDER
CRAIG E. FROSCH
TIMOTHY R. RICHARDSON
MONIQUE G. MORIAL
JASON P. WIXOM

TELEPHONE: (504) 592-4600
FACSIMILE: (504) 592-4641
LA WATS: (800) 523-8793

April 9, 2010

Clerk of Court – Orleans
Parish of Jefferson
P.O. Box 10
Gretna, LA 70054

RE:   Rhonda Danos, as curatrix of Ronald Martin, Jr. v. Boh Bros Construction Co, et al.

Dear Clerk:

We filed a Petition for Damages in connection with the above-captioned matter. We were to serve one of the defendants, Stihl Inc, through the Louisiana Long Arm Statute. We are requesting that we be provided with a certified copy of the Petition along with a Citation for mailing to the defendant via certified mail. I am authorizing Legal Wings to obtain these documents on our behalf.

With kind regards, I remain,

Sincerely,

Timothy R. Richardson

TRR/ea

VERIFIED
Nyrie Jefferson
Deputy Clerk

ATTORNEY'S NAME: Richardson, T(  )hy  27625
AND ADDRESS:    1615 POYDRAS STREET, SUITE 1250
                New Orleans    LA 70112

30.4

194

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2010 -- 03184    1                                        SECTION:   10 -- C

DANOS, RHONDA VERSUS BOH BROS. CONSTRUCTION CO., LLC

# CITATION

TO: BOH BROS. CONSTRUCTION CO., LLC
    THROUGH: ITS REGISTERED AGENT, MICHAEL CULLEN
    12203 AIRLINE HIGHWAY

    BATON ROUGE                   LA    70817

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

**********************************************************************
*                         ADDITIONAL INFORMATION                      *
* Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer *
* Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association. *
* If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you *
* may call 529 - 1000 for more information. *
* COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE *
**********************************************************************

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA     April 12, 2010       .

Clerk's Office, Room 402, Civil Courts Building,           DALE N. ATKINS, Clerk of
421 Loyola Avenue                                          The Civil District Court
New Orleans, LA                                            for the Parish of Orleans
                                                           State of LA
                                                           by _Frances Sims_____
                                                                        Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this 20th day of APRIL, 2010 | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR DAMAGES | FOR DAMAGES |
| On | On |
| BOH BROS. CONSTRUCTION CO., LLC | BOH BROS. CONSTRUCTION CO., LLC |
| THRU SECRETARY, KENNIANN | |
| THROUGH: ITS REGISTERED AGENT, MICHAEL CULLEN | THROUGH: ITS REGISTERED AGENT, MICHAEL CULLEN |
| 04/20/10 | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| Returned same day | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name |
| K- BODIN   No. 0573 | and other facts connected with this service I learned by interrogating HIM / HER the said _____ |
| Deputy Sheriff of EAST BATON ROUGE | BOH BROS. CONSTRUCTION CO., LLC |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | being absent from the domicile at time of said service. |
| PAPER  01 | Returned same day |
| _____ / _____ | No. _____ |
| SERIAL NO.    DEPUTY | Deputy Sheriff of _____ |

RECEIVED
APR 29 2010
EBR SHERIFF'S OFFICE

**VERIFIED**
Frances Sims  4-26-10
Deputy Clerk

# USRY, WEEKS & MATTHEWS

A PROFESSIONAL LAW CORPORATION
1615 POYDRAS STREET, SUITE 1250
NEW ORLEANS, LOUISIANA 70112

T. ALLEN USRY
JOHN F. WEEKS II
FREEMAN R. MATTHEWS
FRED SCHROEDER
CRAIG E. FROSCH
TIMOTHY R. RICHARDSON

TELEPHONE: (504) 592-4600
FACSIMILE: (504) 592-4641
LA WATS: (800) 523-8793

trichardson@uwmlaw.com

April 27, 2010

Clerk of Court
Parish of Orleans
Room 402
421 Loyola Avenue
New Orleans, LA 70112

RE:  Rhonda Danos, as curatrix of Ronald Martin, Jr. v. Boh Bros Construction Co, et al.

Dear Clerk:

Attached please find an Affidavit of Service. Please file into the record of the above-captioned matter.

With kindest regards,

Very truly yours,

Timothy R. Richardson

TRR/ea
Enclosure

# USRY, WEEKS & MATTHEWS

A PROFESSIONAL LAW CORPORATION
1615 POYDRAS STREET, SUITE 1250
NEW ORLEANS, LOUISIANA 70112

T. ALLEN USRY
JOHN F. WEEKS II
FREEMAN R. MATTHEWS
FRED SCHROEDER
CRAIG E. FROSCH
TIMOTHY R. RICHARDSON
MONIQUE G. MORIAL
JASON P. WIXOM

TELEPHONE: (504) 592-4600
FACSIMILE: (504) 592-4641
LA WATS: (800) 523-8793

April 15, 2010

***Via certified mail 7004 1350 0005 5754 2330***
Stihl Inc.
through its president, Fred Whyte
536 Viking Drive
Virginia Beach, VA 23452

    RE:    Case No. 2010-03184
            Rhonda Danos v. Boh Bros Construction Co, Inc, et al.

Dear Mr. Whyte:

    Attached please find a Citation and certified copy of a Petition for Damages in connection with the above-captioned matter. You are being served pursuant to the Louisiana Long Arm Statute. Please respond within the delays provided by law. Otherwise, default judgment will be taken against Stihl Incorporated.

    With kind regards, I remain,

                                      Sincerely,

                                      Timothy R. Richardson

TRR/ea
Enclosure

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 10-3184

DIVISION

RHONDA DANOS, as curatrix of
RONALD MARTIN, JR.

v.

BOH BROS. CONSTRUCTION CO., LLC; ABC INSURANCE COMPANY; STIHL INCORPORATED

FILED_____     DEPUTY CLERK:_____

## AFFIDAVIT OF SERVICE

Before me, a Notary, a person came and appeared:

**TIMOTHY R. RICHARDSON**

Who, after being duly sworn, do depose and state as follows:

1. On April 15, 2010, I mailed a Citation and Petition to Stihl, Inc. through its president, Fred Whyte

2. The Citation and Petition were mailed via certified mail bearing US Postal Service number 7004 1350 0005 5754 2330

3. I have received the attached return indicating that the correspondence, Citation and Petition were received. The certified receipt is attached as Exhibit A.

4. The correspondence sent on April 15, 2010 is attached as Exhibit B.

Sworn to and subscribed
before me, a Notary,
this 27 day of Apr. , 2010

_____          _____
Notary Public                    Timothy R. Richardson

VERIFIED
Constance Conway
Deputy Clerk
APR 3 0 2010