```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


BRANDY MARTIN                          *    CIVIL ACTION
                                       *
VERSUS                                 *    NOS. 10-1468;
                                       *         10-1469
                                       *
BOH BROTHERS CONSTRUCTION CO., LLC, ET AL.  *  SECTION "B"(3)
```

## ORDER AND REASONS

Considering Plaintiff's Motion to Remand(Rec. Doc. No. 9 ), Defendants' Stihl Inc. and Boh Brothers Construction Co., LLC oppositions thereto (Rec. Doc. Nos. 22, 24, and 34), and Plaintiff's Sur-Reply (Rec. Doc. No. 40), **IT IS ORDERED** that Plaintiff's Motion to Remand be **GRANTED**.

The issue before the Court is whether Boh Bros. has been properly joined so as to destroy this Court's subject matter jurisdiction and thus, warrant remand.  "Fraudulent [or improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Defendants do not dispute that Boh Bros. is a Louisiana corporation with its principal place of business in Louisiana.  Accordingly, the Court's analysis should focus on the second test.  In order to show joinder was improper under this test, the defendant must demonstrate that "there is no possibility of recovery by the

plaintiff against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

The Fifth Circuit has stated that in conducting an inquiry as to whether a plaintiff has a reasonable basis of recovery under state law, the court may utilize a Rule 12(b)(6) type analysis. *Id.* However, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* Accepting all well-pleaded facts as true and in favor of plaintiff, if the defendant can show that there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant, then joinder is improper. *Travis*, 326 F.3d at 648.

**B. Intentional Act Exception To The Exclusivity Provision Of Louisiana's Workers' Compensation Act**

Generally, the sole remedy that an employee injured on the job has against his employer is the receipt of benefits under the Louisiana Workers' Compensation Act. La. R.S. § 23:1032. The exclusive remedy provision contained in § 1032 includes a narrow exception for intentional acts committed by the employer. *Id.* at § 1032(B). For a plaintiff to recover under the theory of intentional tort, he must establish that the person responsible for his injuries either desired to bring about the physical consequences of his act or he was substantially certain that they would follow from his actions. *Bazley v. Tortorich*, 397 So.2d 475

(La. 1981). Intent is crucial in determining liability under either prong of the test and it is not limited to consequences which are desired.

Parties have presented conflicting evidence on the issue of intentional misconduct, i.e. whether kick back from a concrete saw and resulting injury are substantially certain to follow from directing an employee to cut a concrete pipe with a bell on one end, without cribbing, with a concrete saw. Plaintiff pled in his complaint that the supervisors knew of this situation and, further, produced corroborative expert opinion evidence that the result was inevitable. Defendant counters with evidence from it's forman that he neither desired the resulting injury nor knew that it was substantially certain to follow, along with it's own expert in corroboration. The latter evidence was based on defendant's prior experience with cutting pipe and the lack of similar injuries. The parties' conflicting evidence presents issues of material fact that cannot be resolved in summary fashion at this time.

The Louisiana Supreme court has held that the meaning of "intent", in the context of the intentional act exception to the exclusivity provision of Louisiana's Workers' Compensation Act, La. R.S. 23:1032, "is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) **knows that the result is substantially certain to follow from his conduct,**

**whatever his desire may be as to that result**." *Bazley v. Tortorich*, 397 So.2d 475, 481(La., 1981) (emphasis added). In *Bazley*, where the plaintiff did not allege that his co-employee either desired the consequences of his acts or believed they were substantially certain to follow his acts, the court held that the co-employee's acts of operating a garbage truck without a working horn, disregarding mechanical and electrical maintenance standards, failing to keep a lookout, failing to stop in a safe place and failing to warn plaintiff of danger did not amount to an intentional act. *Id.* Here, plaintiff not only alleges but also presents evidence to show "substantial certainty". The "substantial certainty" element has been explained in this context as follows: The traditional definition is simply a way of relieving the claimant of the difficulty of trying to establish subjective state of mind (desiring the consequences) if he can show substantial certainty that the consequences will follow the act. The latter takes the case out of the realm of possibility or risk (which are negligence terms), and expresses a concept that an actor with such a certainty can not be believed if he denies that he knew the consequences would follow. *Reeves v. Structural Preservation Systems,* 731 So.2d 208, 212 (La 1999). While state courts in Louisiana narrowly construe the intentional act exception, it still recognizes that a reasonable fact-finder must consider the record evidence in its entirety in order to determine whether an accident

was "substantially certain" to occur. *Id.* at 213; *Robinson v. North American Salt Co.,* 865 So.2d 98, 105 (La.App. 1 Cir.,2003) (Trial jury's finding that employer's conduct constituted intentional misconduct was affirmed under manifest error standard of review; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review.)

Under instant circumstances, defendant has failed to demonstrate that "there is no possibility of recovery by the plaintiff against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R.Co.,* 385 F.3d 568, 573 (5th Cir. 2004). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* Accepting all well-pleaded facts as true and in favor of the plaintiff, defendant fails to show that there is no reasonable basis for recovery against the in-state defendant, Boh Bros. Cf. *Travis v. Irby,* 326 F.3d 644, 647-648 (5th Cir. 2003).

New Orleans, Louisiana this 7th day of October, 2010.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE